1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

VINCE AND JAMI ALLEN

13

Plaintiffs,

14

vs.

15

MASON COUNTY WASHINGTON, A
governmental entity, et al.,

16

Defendants

17

Case No: C09-5752 RBL

ORDER ON PLAINTIFFS' MOTION
REGARDING REBUTTAL EXPERTS
and DEFENDANTS' MOTION IN
LIMINE
[Dkt. #s 55 and 65]

18     THIS MATTER is before the Court on Plaintiffs' Motion to Allow Sur-Rebuttal experts [Dkt. # 55],

19 and Defendants' Motion in Limine to exclude plaintiff's expert Steve Stockwell. [Dkt. #65].

20     The Plaintiffs' Motion was apparently triggered by their desire to name two rebuttal witnesses, a

21 dental expert (Dr. Hampl) and a liability expert (Clan Jacobs), even thought the deadline for doing so has

22 passed. These experts would rebut the testimony of defendants' two experts on these subjects, Dr. Chan and

23 Mr. Bragg. Plaintiffs did not initially name a dental expert.

24     In Response to Plaintiffs' Motion to name these experts, Defendants offer to withdraw Dr. Chan,

25 provided Dr. Hampl is also withdrawn. Plaintiffs reluctantly[1] agree to this proposal, and it is so ordered.

26     Defendants also argue that it will not need to call Mr. Bragg, and plaintiff in turn will not need to call

27 _____

28     [1]Plaintiffs' concern results from the time, money, and energy spent on dental expert depositions, and
is understandable. It does not appear to the court that the dental experts can truly assist the jury in
determining if Plaintiff was the victim of excessive force.

ORDER
Page - 1

1  a rebuttal liability expert at all, if the Court strikes Plaintiff's primary liability expert, Mr. Stockwell. Arguing

2  that Mr. Stockwell's report does not comply with Federal Rule of Evidence 702, defendants seek an order

3  in limine striking Mr. Stockwell as an expert liability witness.

4  While Mr. Stockwell's initial expert report is not a model of clarity, and has a variety of deficiencies,

5  it has been supplemented and he has been deposed. The deficiencies and/or weaknesses in his testimony are

6  best addressed in cross examination. The Motion in limine [Dkt. #65] to exclude Mr. Stockwell is DENIED.

7  As a result, Defendants' offer to withdraw their own liability expert, Mr. Bragg, is declined. The

8  remaining issue is Plaintiffs' Motion to permit an additional liability expert, Mr. Jacobs, despite the fact that

9  he was not disclosed in a timely manner. (He was disclosed 45 days late).

10  Plaintiffs claim that the delay resulted from a delay in deposing Mr. Bragg, and that that delay was

11  at least partly the defendants' fault. It is not clear that the deposition of Mr. Bragg was required for Plaintiff

12  to know the gist of his opinions, or to identify and disclose a rebuttal expert. This is particularly true of Mr.

13  Jacobs, who was previously represented by Plaintiffs' counsel in another matter in this court.

14  Nor is it apparent that Mr. Jacobs' testimony would be meaningfully different than Stockwell's

15  testimony. Though he tries to distinguish between the two, Plaintiffs' counsel seems to concede that only one

16  "liability" expert is appropriate. Local Rule 43(j) specifically provides:

**(j) Expert Witnesses**

17
18  Except as otherwise ordered by the court, a party shall not be permitted to call more than
one expert witness on any subject.

19  Together, these factors persuade the court to DENY the Plaintiffs' Motion [Dkt. #55] with respect to the

20  naming of Mr. Jacobs as a rebuttal expert.

21  **IT IS SO ORDERED.**

22

23  Dated this 28th day of February, 2011.

24

25  RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

26

27

28

ORDER
Page - 2